STAHL v. DYER.

1. COVENANTS—BUILDING RESTRICTIONS—INJUNCTION.
    Where the owner of three city lots in the same sub-
    division built houses on two of them and sold the third,
    which was located across the street, subject to the re-
    striction that it be used for residence purposes only, said

Garage or stable as within restrictive covenant in conveyance
of real property, see note in 34 L. R. A. (N. S.) 730.

restriction cannot be said to be merely nominal or unreasonable, nor is it void under 3 Comp. Laws 1915, § 11564, and the erection of a commercial garage thereon, which would injure him in the use and enjoyment, for residence purposes, of his remaining lots, will be enjoined.[1]

2. SAME—COURTS WILL ENFORCE RESTRICTION AS LONG AS IT IS BENEFICIAL.

The owner of city lots may, for the benefit of his remaining lots, impose upon one sold the restriction that it be used for residence purposes only, and as long as said restriction is of benefit to him the courts will enforce it.[2]

3. SAME—CHANGE IN CHARACTER OF NEIGHBORHOOD.

The character of the property in the neighborhood, which at the time of the sale of a lot restricted to residence purposes only was of a mixed character as to business and residential property, held, not to have so changed as to render said restriction of no benefit to the remaining lots.[3]

Appeal from Wayne; North (Walter H.), J., presiding. Submitted April 14, 1926. (Docket No. 105.) Decided June 7, 1926. Rehearing denied July 21, 1926.

Bill by Frederick T. Stahl against Joseph Dyer and another to enjoin the violation of building restrictions. From a decree for plaintiff, defendants appeal. Affirmed.

*Lloyd L. Axford* and *William E. Tarsney,* for plaintiff.

*Thomas A. E. Weadock,* for defendants.

MCDONALD, J.    This bill was filed to enforce a building restriction on lot 51, located on the southeast corner of Shipperd and Agnes avenues in the city of Detroit, Wayne county, Michigan. Lots 46 and 47 are in the same subdivision as lot 51 and are

[1]Deeds, 18 C. J. §§ 449, 464; [2]Id., 18 C. J. § 460; [3]Id., 18 C. J. § 465.

located across the street from .it on the corner of Shipperd avenue and Agnes avenue. The three lots formerly belonged to the plaintiff. He still owns lots 46 and 47, but in 1911 he sold lot 51 to Lee B. Counselman, with the following restriction:

"As a further consideration of the sale of the above-described premises by the party of the first part to the party of the. second part to this instrument, the party of the second part hereby covenants and agrees for himself, his heirs, executors, administrators and assigns, that said premises shall be used for residence purposes only, such residence to have basement under entire house, permission, however, is given to use grounds for riding academy, but no building to be erected except as specified above. Permission is also given to build fence in front of lot not to exceed nine (9) feet in height, such fence to be kept properly painted and not to be used for advertising purposes."

Counselman conveyed lot 51 to William J. Young, who in turn conveyed it to the defendants without any restrictions. The plaintiff divided lots 46 and 47 into three lots on which he erected three residence buildings. They front on Agnes avenue directly across the street from lot 51. One of the buildings the plaintiff occupies as a residence. The other two are occupied by his tenants. The defendants also own lots 54 and 55 which adjoin lot 51 on the south. They have erected a commercial garage on lots 54 and 55, and have commenced the construction of an extension across the east end of lot 51, which, if permitted, will bring the garage on the corner lot across the street and opposite the plaintiff's residences. To enjoin the construction, this suit was brought. On the hearing the circuit judge entered a decree permanently restraining the defendants from constructing the extension of the garage on lot 51. The defendants have appealed.

The issue involves the validity of the restrictive covenant in the conveyance of lot 51, and a determina-

tion of the facts relative to a change in the character of the neighborhood.   The defendants contend that the restriction is unreasonable and therefore invalid; that it was merely of nominal benefit and is void under section 11564, 3 Comp. Laws 1915; that the character of the neighborhood has changed, and that the lot is no longer of use or value for the purpose to which it was restricted.   On his part the plaintiff says that the restriction was inserted in the deed in 1911 for his special benefit, and that it still is of substantial value to him.

"A person owning a body of land and selling a portion thereof, may, for the benefit of his remaining land, impose upon the land granted any restrictions not against public policy, that he sees fit, and a court of equity will generally enforce them."   7 R. C. L. p. 1114, cited in *Davison* v. *Taylor*, 196 Mich. 605, 611.

The plaintiff owned the three lots in question.   He retained two of them on which he erected residence buildings.   The third, lot 51, he granted with the restriction that it also should be used for residence purposes.   It requires no argument to demonstrate the fact that the erection of a commercial garage on lot 51 would injure the plaintiff in the use and enjoyment for residence purposes of lots 46 and 47. The benefits of the restriction to his remaining property are plainly apparent.   It cannot be said that they were merely nominal or that the restriction was unreasonable.   It was such a restriction as he had a legal right to impose on the land conveyed for the benefit of the land which he retained.   Has it ceased to be of benefit?   If it has, the court will not enforce its observance.   The testimony is not very clear as to what building changes have taken place in the neighborhood since 1911.   We are not able to say from the record that there has been any change in the immediate neighborhood of the character proposed

by the defendants.    On this question we are inclined
to accept the judgment of the circuit judge, who, after
hearing the testimony, was asked to view the locality
in which this property is situated.    He said:

"After having viewed the premises and after hear-
ing the testimony, I think we are primarily concerned
in arriving at a disposition of this case as to the
conditions on Agnes avenue rather than the condition
of the cross streets and of the others somewhat in the
same locality.    And that is true because the plain-
tiff's property faces on Agnes avenue rather than on
Shipperd, and that the property involved is across on
the opposite side of Agnes.    *   *   *   It seems the
purpose of the plaintiff in putting this restriction in
the original deed was to protect his property on the
north side of Agnes avenue.    *   *   *   It seems to
me that so far as this immediate vicinity on Agnes
avenue is concerned, the record does not justify the
claim that there have been any great or extensive
changes.    When this provision was put in the original
deed the property was then of a mixed character as
being business property and residential property."

The evidence so far as it goes supports the finding
of the circuit judge.    We agree with him in the con-
clusion reached.    It seems plain that when this re-
striction was made it was of actual benefit to the plain-
tiff.    The neighborhood has not materially changed,
and it still is of substantial value to him.    He had a
right to make it, and, under the facts and circum-
stances shown by the record, still has a right to insist
on its observance.    The circuit judge correctly dis-
posed of the issue.

The decree entered is affirmed, with costs to the
plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS,
WIEST, and CLARK, JJ., concurred.