STAHL *v.* DYER.

COVENANTS—BUILDING RESTRICTIONS—QUESTIONS OPEN ON PETITION
TO VACATE DECREE ENJOINING VIOLATION.

On petition to vacate a decree sustaining a property owner's
right to enjoin the building of a commercial garage on a re-
stricted lot across the street because it was still of some bene-
fit to him, the only question which defendants have a right to
urge is that there has been a substantial change in the char-
acter of the neighborhood, making it inequitable to now en-
force the restriction; and in the absence of evidence of any
material change the petition was properly dismissed.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted June 12, 1928. (Docket No. 101, Calendar
No. 33,268.) Decided October 24, 1928.

Bill by Frederick F. Stahl against Joseph Dyer
and another to enjoin the violation of building re-
strictions: On petition of defendants to vacate a
decree for plaintiff. From an order denying the
petition, defendants appeal. Affirmed.

*Frederick P. Hempel,* for plaintiff.

*Thomas A. E. Weadock,* for defendants.

McDONALD, J. The defendants are owners of the
fee in lot 51, located at the corner of Shipperd and
Agnes avenues in the city of Detroit, Wayne county,
Michigan. The use of the lot is restricted to resi-
dence purposes only. The defendants attempted to
build a commercial garage on the lot and the plain-
tiff filed a bill to restrain them. From a decree
granting the relief prayed for, the defendants ap-

pealed to this court. In *Stahl* v. *Dyer*, 235 Mich. 355, we affirmed the decree of the circuit court, holding that the plaintiff had a right to impose the restriction, that it was of actual benefit to him and that there had been no material change in the character of the neighborhood since it was imposed. The decree was filed in June, 1926. Six months later the defendants filed a petition in the Wayne circuit court praying that the decree be vacated. At the hearing the petition was dismissed. The defendants have appealed.

The only question which the defendants have a right to urge in this suit is whether, since the decree of the court in June, 1926, there has been such a substantial change in the character of the neighborhood where the lot is located as to make it inequitable to now enforce the restriction.

From a reading of the record it is apparent that the defendants do not rely so much upon a change in the character of the neighborhood as they do upon the claim that the restriction never was of any value to the plaintiff. We settled that question adversely to their claim when the case was before us in 1926. It is still of value unless the character of the neighborhood has changed. There is no evidence of any material change.

The decree of the circuit judge is affirmed, with costs to the plaintiff.

Fead, C. J., and Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred. North, J., did not sit.